E-FILED
Thursday, 24 May, 2007  08:44:11 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT DELOACH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 06-4028 |
| FARMLAND FOODS, INC., | ) ) ) | |
| Defendant. | ) | |

# O R D E R

This matter is now before the Court on Defendant's Motion for Summary Judgment. For the reasons set forth below, the Motion [#9] is GRANTED.

## FACTUAL BACKGROUND

Plaintiff, Robert DeLoach ("DeLoach"), was employed by Defendant, Farmland Foods ("Farmland") at its meat processing plant in Monmouth, Illinois.[1] At some point during his employment, he filed an administrative charge complaining of discrimination that allegedly occurred between March 19, 2005, and June 15, 2005. DeLoach was subsequently suspended, and his employment was terminated on August 5, 2005.

On May 10, 2006, DeLoach brought this suit, alleging that he had been the victim of race discrimination in violation of Title VII. Farmland has now moved for summary judgment. Although the Court advised DeLoach of the requirements and procedures for responding to a motion for summary judgment in writing on April 18, 2007, he has not

---

[1] The precise nature of DeLoach's employment is not specified in the pro se Complaint, and Farmland has made no effort to provide this basic background information in its Motion for Summary Judgment.

responded to the pending Motion. Accordingly, the Court deems Farmland's Motion for Summary Judgment to be admitted pursuant to Local Rule 7.1(D)(2). This Order follows.

## DISCUSSION

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." Id. at 325. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. Celotex, 477 U.S. at 324. Nevertheless, this Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." Holland v. Jefferson Nat. Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir. 1989). Summary judgment will be denied where a reasonable jury could return a verdict

for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995).

Title VII prohibits employers from discriminating "against any individual with respect to [his] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 106 S.Ct. 2399, 2404 (1986).  Under Title VII, the plaintiff is required to establish that he has been the victim of intentional discrimination. Mojica v. Gannett Co., Inc., 7 F.3d 552, 561 (7th Cir. 1993).  The plaintiff may present direct proof of discrimination, Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S.Ct. 1775 (1989), or may rely on indirect evidence using the McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973), burden shifting method of proof.  Under that approach, the plaintiff bears the burden of presenting evidence sufficient to establish a prima facie case of discrimination.  Cullen v. Indiana University Board of Trustees, 338 F.3d 693, 704 (7th Cir. 2003).  If the plaintiff clears this initial hurdle, the burden shifts to the employer to show a legitimate, non-discriminatory reason for the adverse employment action.  Id.  If the employer provides such a reason, the burden then shifts back to the plaintiff to produce evidence demonstrating that the employer's stated reason is pretextual.  Id.

Prior to reaching the merits of DeLoach's Title VII claim, the Court must address Farmland's procedural objections. Specifically, Farmland argues that DeLoach's Complaint attempts to seek relief based on incidents of alleged discrimination that were never included in any charge of discrimination.

Generally, a Title VII plaintiff cannot bring any claims that were not included in his EEOC charge.  Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 127 (7th Cir. 1989);

Alexander v. Gardner-Denver Co., 415 U.S. 36, 47 (1974); Cheek v. Western and Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994) (finding that an administrative charge and exhaustion of administrative proceedings are a "condition precedent" to filing a Title VII action.)

> Allowing a Title VII claim to include allegations outside the scope fo the EEOC charge would "circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charges . . . ."

Babrocky v. Jewel Food Co., 773 F.2d 857, 863 (7th Cir. 1985).  Although there is significant leeway in determining whether the EEO charge encompasses the claims later alleged in a complaint, the claims alleged must nevertheless be like or reasonably related to the allegations of the charge and those growing out of such allegations.  Cheek, 31 F.3d at 500.

> Claims are alike or reasonably related if there exists a factual relationship between them.  This requires, at a minimum, that the EEOC charge and the complaint describe the same conduct and implicate the same individuals.

Id. at 501.  In other words, a plaintiff may pursue allegations not explicitly included in his EEO charge only if they "fall within the scope of the charges contained in the EEOC complaint."  Cheek v. Peabody Coal Co., 97 F.3d 200, 202 (7th Cir. 1996); Harper v. Godfrey Co., 45 F.3d 143, 147-48 (7th Cir. 1995).

Although no precise buzzwords are required, the language of DeLoach's EEO charge does not even hint at the specific incidents of discrimination now asserted.  Rather, his EEO allegations clearly state that the earliest discrimination took place beginning on March 19, 2005 and continued through his discharge in August 2005.  As the incidents set forth in the Complaint occurred between August 24, 2004, and February 2005, they are

necessarily excluded by the precise time frames set forth in the EEO charge. Moreover, these allegations of specific, discrete incidents of discrimination do not "fall within the scope of" other date-specific incidents of discrete discriminatory acts. Even when construed liberally, DeLoach's EEO charge alludes to nothing more than the individualized acts of disparate treatment purportedly inflicted upon him beginning more than a month after the latest conduct set forth in his Complaint. Accordingly, the Court therefore concludes that he is barred from bringing the Title VII claim now asserted for failure to include such a claim in his EEOC charge.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment [#9] is GRANTED. All existing deadlines or hearings are vacated, and this matter is now terminated.

ENTERED this 23rd day of May, 2007.

                                          s/ Michael M. Mihm
                                          Michael M. Mihm
                                          United States District Judge